UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Patrick Guidice, *in his fiduciary capacity as Trustee for the I.B.E.W. Local 1049 Craft Annuity Fund, in his fiduciary capacity as Trustee for the I.B.E.W. Local 1049 Health and Welfare Fund the I.B.E.W. Local 1049 Line Clearance Tree Trimming Skill Improvement Fund, in his fiduciary capacity as Trustee for the I.B.E.W. Local 1049 Vacation Fund, in his fiduciary capacity as Trustee for the I.B.E.W. Local 1049 Brotherhood Fund, and as Business Manager of the International Brotherhood of Electrical Workers Local Union No.1049*,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　-v-<br><br>All Reliable Services, Inc.<br><br>　　　　　　　　　　　　　　Defendant. | 2:23-cv-7575 (NJC) (JMW) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On April 10, 2024, Patrick Guidice, in his fiduciary capacity as Trustee for the I.B.E.W. Local 1049 Craft Annuity Fund, the I.B.E.W. Local 1049 Health and Welfare Fund, the I.B.E.W. Local 1049 Line Clearance Tree Trimming Skill Improvement Fund, and the I.B.E.W. Local 1049 Vacation Fund, the I.B.E.W. Local 1049 Brotherhood Fund, and as Business Manager of the International Brotherhood of Electrical Workers Local Union No. 1049 (collectively, "Plaintiffs"), filed a Motion for Default Judgment against Defendant All Reliable Services, Inc. ("Defendant"). (ECF No. 15.) On January 26, 2025, Magistrate Judge James M. Wicks issued a Report and Recommendation (the "R&R") recommending that Plaintiffs' Motion for Default Judgment be granted. (R&R, ECF No. 18.) A copy of the R&R was filed electronically on January 26, 2025, (*see id*. at 33), and Plaintiffs served Defendant with a copy of the R&R on

January 28, 2025. (ECF No. 19.) The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days of service, *i.e.*, by February 11, 2025. (R&R at 33.)

The date for filing any objections has thus expired, and no party has filed an objection to the R&R. In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Because a motion for default judgment is dispositive, and because no party has filed timely objections to the R&R, I may review the R&R for clear error. *King*, 2016 WL 4595991, at *1. Nevertheless, I reviewed the R&R *de novo* out of an abundance of caution. Having reviewed the motion papers, the applicable law, and the R&R, I adopt the thorough and well-reasoned R&R (ECF No. 18) with the following corrections to address minor errors in the calculations of attorneys' fees for the work of Katherine M. Morgan ("Morgan"), M. Aliza Chesler ("Chesler"), and Elizabeth Shaw ("Shaw") on this action.

The R&R relied on billing records located at ECF No. 16-21 to find that, for the periods between March 1, 2023 and April 10, 2024, Morgan worked 41.5 hours at the rate of $295 per hour and Chesler worked 22.8 hours at a rate of $235 per hour. (R&R at 29.) The R&R used these figures to calculate the total recommended attorneys' fees as $31,247.50. (R&R at 33.) However, the billing records filed at ECF No. 16-21 reflect that between March 1, 2023 and

April 10, 2024, Morgan worked 41.9 hours (rather than 41.5 hours) and Chesler worked 22.4 hours (rather than 22.8 hours). (*See* ECF No. 16-21 at 7, 10, 14, 16, 20–21, 23, 25, 27, 29, 31, 33–34.) I agree with the remaining attorneys' fee calculations set forth in the R&R. (*See id.* at 29–30.) Additionally, the R&R recommended compensating Plaintiffs for all 52.9 hours that Shaw worked from March 1, 2023 and April 10, 2024 at a rate of $135 per hour, whereas the billing records show that on July 25 and July 26, 2023, Shaw's work was billed at a rate of $90 per hour. (ECF No. 16-21 at 14.) Making the minor adjustments noted above, for the reasons set forth in the careful and thorough R&R and based on the billing records set forth at ECF No. 16-21, I find that $31,244.50 is the reasonable and appropriate attorneys' fee award in this case.[1]

Accordingly, I grant Plaintiffs' Motion for Default Judgment (ECF No. 15) in full. I award Plaintiffs the following:

(i) delinquent contributions in the amount of $416,260.41 for the period June 2022 through August 2022;

(ii) interest on the delinquent contributions at a rate of 12% per year, in the amount of $80,853.72 for the period June 2022 through August 2022;

(iii) liquidated damages for the delinquent ERISA contributions in the amount of $83,252.08 for the period June 2022 through August 2022;

(iv) delinquent dues and assessments in the amount of $19,384.35 for the period June 2022 through August 2022;

(v) interest on the delinquent dues and assessments at a rate of 9% per year in the amount

---

[1] This figure is the same as the amount Plaintiffs requested in attorneys' fees in their Motion for Default. (*See* ECF No. 16-1 at 2.)

3

of $2,879.20 for the period June 2022 through August 2022;

(vi)   Layoff Pay in the amount of $34,784.64;

(vii)   interest on Layoff Pay at a rate of 9% per year in the amount of $4,966.10;

(viii)  Unused Paid Time Off ("PTO") in the amount of $217,023.60;

(ix)   interest on the Unused PTO at a rate of 9% per year in the amount of $23,278.01;

(x)    attorneys' fees in the amount of $31,244.50; and

(xi)   costs and expenses in the amount of $502.15.

In addition, Defendant is directed to permit and cooperate with Plaintiffs in an audit of Defendant's books and records to determine whether it is making full payment to the Funds[2] as required for the period between January 1, 2017 through December 31, 2022.

The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York
February 18, 2024

*/s Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge

---

[2] The I.B.E.W. Local 1049 Craft Annuity Fund, the I.B.E.W. Local 1049 Health and Welfare Fund, the I.B.E.W. Local 1049 Line Clearance Tree Trimming Skill Improvement Fund, and the I.B.E.W. Local 1049 Vacation Fund.

4